[No. F032957. Fifth Dist. Jan. 29, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT PEREZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I.-IV.

## COUNSEL

Kim Malcheski, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Thomas Y. Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WISEMAN, J.**—This tragic case arose from a domestic dispute between defendant and his wife, Betty, lasting a few days. After Betty decided to

move out of her apartment, she enlisted the help of her mother, Nancy, her sister, Edna, and Edna's husband, Aaron. While the four were at the apartment packing Betty's belongings, defendant entered the apartment, went to the patio to retrieve a loaded handgun, reentered the apartment and shot Aaron in the chest, killing him. When Edna intervened, he shot her also and subsequently beat her viciously on the head with the firearm. Defendant was convicted of murder and attempted murder, and received two 25-year-to-life sentences for the firearm use on these offenses under Penal Code[1] section 12022.53, known as the "10-20-life" law. In the published portion of this opinion we consider and reject defendant's contentions that section 12022.53 violates due process or equal protection by failing the rationality test, and that only a single 25-year-to-life enhancement is authorized under subdivision (f) of that section.

I.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## V. Section 12022.53 does not violate due process or equal protection by failing the rationality test.

Defendant contends that section 12022.53 violates due process and equal protection by not rationally serving any legitimate state interest.[8] We disagree.

Defendant argues that section 12022.53 does not rationally serve a legitimate state interest because it results in unreasonably disparate punishment of the same offenders whose only difference is their deadly weapon of choice. In making his argument, defendant fails to acknowledge that firearms pose a potentially greater risk to safety than other weapons because of their inherent ability to harm a greater number of victims more rapidly than other weapons. In so doing, he further fails to recognize that an increase in public safety is a legitimate state interest. (*People v. Martinez* (1999) 76 Cal.App.4th 489, 497-498 [90 Cal.Rptr.2d 517] ["The ease with which a victim of one of the enumerated felonies [in section 12022.53] could be killed or injured if a

---

[1] All statutory references are to the Penal Code unless otherwise noted.
*See footnote, *ante*, page 675.
[8] Section 12022.53 provides:
"(a) This section applies to the following felonies:
"(1) Section 187 (murder). . . . [¶] . . . [¶] (18) Any attempt to commit a crime listed in this subdivision other than an assault. [¶] . . . [¶] (d) Notwithstanding any other provision of law, any person who is convicted of a felony specified in subdivision (a), . . . and who in the commission of that felony intentionally and personally discharged a firearm and proximately caused great bodily injury, as defined in Section 12022.7, or death, to any person other than an accomplice, shall be punished by a term of imprisonment of 25 years to life . . . ."

firearm is involved clearly supports a legislative distinction treating firearm offenses more harshly than the same crimes committed by other means, in order to deter the use of firearms and save lives."]; see also *People v. Morgan* (1973) 36 Cal.App.3d 444, 449 [111 Cal.Rptr. 548] ["A firearm can inflict deadly wounds on a number of people within a wide area and within a short amount of time . . . ."]; *People v. Aguilar* (1973) 32 Cal.App.3d 478, 486 [108 Cal.Rptr. 179] [harsher penalties for firearms are based on a rational distinction, such as the disadvantage to an unarmed victim, the lethal nature of firearms, and "the relative speed with which a potential killer armed with a firearm can execute an intent to kill, once it is formed"].)

This case provides an excellent example of why the law is rationally related to a public interest. If defendant had not had his loaded firearm immediately available, it is doubtful he could have carried out the murder of Aaron and attempted murder of Edna when his intent was formed. It is very possible defendant would never have entertained the intent to commit the murders while at the apartment but for the knowledge he had a loaded firearm readily available to carry out the plan.

Defendant essentially challenges the wisdom of the law, contending that its harshness makes it irrational. He compares it to many other sentence-enhancing provisions and concludes that its significant increase in the punishment over other enhancements for similar conduct makes the law irrational. A similar argument was rejected regarding the "Three Strikes" law. (See *People v. Sipe* (1995) 36 Cal.App.4th 468, 482-483 [42 Cal.Rptr.2d 266].) Defendant argues that because the statute deprives the trial court of the ability to adjust unduly severe sentences in accordance with section 1385, it is even more harsh. We acknowledge the Legislature may eliminate a trial court's discretion under section 1385. (*People v. Thomas* (1982) 4 Cal.4th 206, 213-214 [14 Cal.Rptr.2d 174, 841 P.2d 159]; *People v. Valencia* (1989) 207 Cal.App.3d 1042, 1045 [255 Cal.Rptr. 180].) ▮ The United States Supreme Court grants legislatures significant latitude in fashioning remedies for perceived societal ills.

"Normally, the widest discretion is allowed the legislative judgment in determining whether to attack some, rather than all, of the manifestations of the evil aimed at; and normally that judgment is given the benefit of every conceivable circumstance which might suffice to characterize the classification as reasonable rather than arbitrary and invidious." *(McLaughlin v. Florida* (1964) 379 U.S. 184, 191 [85 S.Ct. 283, 288, 13 L.Ed.2d 222]; see also *Truax v. Raich* (1915) 239 U.S. 33, 43 [36 S.Ct. 7, 11, 60 L.Ed. 131].)

The California Supreme Court has taken a similar position. "In the exercise of its police power a Legislature does not violate due process so

long as an enactment is procedurally fair and reasonably related to a proper legislative goal. The wisdom of the legislation is not at issue in analyzing its constitutionality, and neither the availability of less drastic remedial alternatives nor the legislative failure to solve all related ills at once will invalidate a statute. [Citations.]" (*Hale v. Morgan* (1978) 22 Cal.3d 388, 398 [149 Cal.Rptr. 375, 584 P.2d 512].)

 Here, the Legislature expressly indicated its intent when, in enacting section 12022.53, it declared: "The Legislature finds and declares substantially longer prison sentences must be imposed on felons who use firearms in the commission of their crimes, in order to protect our citizens and to deter violent crime." (Stats. 1997, ch. 503, § 1.) Thus, the Legislature has enacted this statute to increase public safety.

Defendant has demonstrated a lack of respect for the safety of his fellow citizens and a propensity to commit violent crime. His long-term incarceration, due in large part to his causing injury and death with a handgun, will increase public safety. It will protect the public from defendant and others like him who use handguns to kill and seriously injure innocent people.

The statute imposes harsher sentences upon individuals who use firearms in the commission of particular violent crimes. Thus, anyone who comes within the parameters of section 12022.53 has demonstrated the same propensity for committing violent crimes and endangering others. The statute further offers different gradations of punishment. Personally using a firearm during the commission of an enumerated crime is punishable by an additional 10 years. (§ 12022.53, subd. (b).) Firing a weapon, indisputably more dangerous to public safety, is punishable with an additional 20 years. (§ 12022.53, subd. (c).) Actually causing great bodily injury to another, again de facto more dangerous than either possessing it or firing it and injuring no one, earns the felon life in prison with a minimum of 25 years. (§ 12022.53, subd. (d).)

The statute is rationally related to the intent offered by the Legislature and supports legitimate state interests of citizen safety and deterrence of violent crime. (See, e.g., *People v. Cooper* (1996) 43 Cal.App.4th 815, 828-830 [51 Cal.Rptr.2d 106]; *People v. Kilborn* (1996) 41 Cal.App.4th 1325, 1330-1332 [49 Cal.Rptr.2d 152]; *People v. Sipe, supra,* 36 Cal.App.4th at pp. 483-484.)

VI. *The court properly imposed two enhancements*
*under section 12022.53.*

 Defendant also contends that one of the two firearm-use enhancements imposed pursuant to section 12022.53, subdivision (d), must be set

aside because of limitations found in section 12022.53, subdivision (f). The court imposed an enhancement pursuant to section 12022.53 for each victim that defendant shot and injured—Aaron and Edna.

Section 12022.53, subdivision (d) directs the sentencing court to calculate a defendant's sentence prior to its application. Once the sentence has been calculated, if the conditions described in section 12022.53, subdivision (d) are met, the court is to impose an additional sentence of 25 years to life. The statute goes on to provide generally that this enhancement must be imposed if it is pled and proven instead of several enumerated enhancements providing for a shorter enhancing term. Finally, the statute requires that when an enhancement specified in section 12022.53 is admitted or found true, "the court shall impose punishment pursuant to this section rather than imposing punishment authorized under any other provision of law, . . ." (§ 12022.53, subd. (j).)

Specifically, section 12022.53, subdivision (f) provides: "Only one additional term of imprisonment under this section shall be imposed per person for each crime. If more than one enhancement per person is found true under this section, the court shall impose upon that person the enhancement that provides the longest term of imprisonment. An enhancement involving a firearm specified in Section 12021.5, 12022, 12022.3, 12022.4, 12022.5, or 12022.55 shall not be imposed on a person in addition to an enhancement imposed pursuant to this section. An enhancement for great bodily injury as defined in Section 12022.7, 12022.8, or 12022.9 shall not be imposed on a person in addition to an enhancement imposed pursuant to subdivision (d)."

Defendant argues the language of the first two sentences of subdivision (f) is ambiguous and should be construed in his favor. He argues the "per person" language of the second sentence can only be read to mean that if multiple enhancements are found true under section 12022.53, only a single enhancement can be imposed. However, this construction ignores the plain language of the first sentence, which makes clear that the subdivision (f) limitation applies "for each crime," not each criminal.

■ "The court's role in construing a statute is to 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citations.] In determining the Legislature's intent, a court looks first to the words of the statute. [Citation.] '[I]t is the language of the statute itself that has successfully braved the legislative gauntlet.' [Citation.]

"When looking to the words of the statute, a court gives the language its usual, ordinary meaning. [Citations.] If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning

of the statute governs. [Citations.]" *(People v. Snook* (1997) 16 Cal.4th 1210, 1215 [69 Cal.Rptr.2d 615, 947 P.2d 808].)

■ Under the plain meaning rule of statutory construction, defendant's contention must be rejected. The first sentence of section 12022.53, subdivision (f) presents no ambiguity as to the Legislature's intent to apply a limitation to one enhancement per crime.

In any event, assuming the subdivision is rendered ambiguous by the second sentence, as argued by defendant, the Legislature has since cleared up any such ambiguity. The Legislature amended subdivisions (d) and (f) of section 12022.53 in 1998. In doing so, the Legislature declared, in pertinent part: "SEC. 28. The amendment to subdivision (f) of Section 12022.53 of the Penal Code corrects a drafting error in the original statute. In enacting subdivision (f), the Legislature intended to preclude multiple enhancements for the infliction of great bodily injury on one victim for one crime when an enhancement was imposed under subdivision (d) of Section 12022.53. . . ." (Stats. 1998, ch. 936, § 28.)

While such a legislative statement is not binding, it may supply evidence of earlier legislative intent. (See *Eu v. Chacon* (1976) 16 Cal.3d 465, 570 [128 Cal.Rptr. 1, 546 P.2d 289]; *California Emp. etc. Com. v. Payne* (1947) 31 Cal.2d 210, 213-214 [187 P.2d 702].) Further, under defendant's proposed construction, a criminal using a firearm could go on a shooting spree, injure or kill numerous victims, and receive only one enhancement for the gun use, as though he had injured just one victim. In light of the legislative intent to promote public safety and discourage the use of guns, such a construction would frustrate rather than promote the Legislature's declared intent in enacting and amending the statute. Therefore, it is rejected.

### Disposition

The judgment is affirmed.

Ardaiz, P. J., and Thaxter, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 16, 2001. Mosk, J., was of the opinion that the petiton should be granted.