[No. C036054. Third Dist. Oct. 29, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
VINCENT WADE TAYLOR, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and II.

## COUNSEL

Jeffrey J. Stuetz, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Thomas Y. Shigemoto and Craig S. Meyers, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**NICHOLSON, J.**—A jury convicted defendant of the following charges: count two, assault with a firearm on Darryl Lavan (Pen. Code, § 245, subd. (a)(2); further references to sections of an undesignated code are to the Penal Code); count three, attempted robbery of Shunn Oliver (§§ 664, 211); count four, assault with a firearm on Oliver (§ 245, subd. (a)(2)); and count seven, being a convicted felon in possession of a firearm (§ 12021, subd. (a)).[1] The jury also found true special gun-use allegations for count two (§ 12022.5, subd. (a)) and count three (§ 12022.53, subd. (b)). Defendant was sentenced to an 18-year state prison term.

On appeal, defendant argues, inter alia, there is no substantial evidence to support his convictions for counts three and four, both involving victim

[1] Defendant was acquitted of count one, attempted robbery of Lavan, and counts five and six, which charged him, respectively, with attempted robbery of and assault with a firearm on Anita Gasper.

Oliver. Defendant also makes two constitutional challenges to section 12022.53, which provides for a mandatory 10-year term for using a weapon in specified crimes. We shall affirm the judgment.

## FACTS

On February 11, 1998, at approximately 11:00 p.m., victims Lavan and Oliver were walking toward Big Ben's Burgers on Del Paso Boulevard. Defendant and another man were standing on the corner. As the victims approached, defendant shouted out to Lavan, asking if they knew each other from county jail. Lavan stopped to talk with defendant while Oliver kept walking. Lavan did not recognize defendant. According to Lavan, defendant directed Lavan to hand over his watch. Angry at defendant's demand, Lavan approached defendant, expecting to fight. Instead, defendant pulled a gun from his waist and fired a single shot, striking Lavan in the thigh. Lavan fled in the direction of a nearby casino. When Lavan was across the street, defendant fired a second shot, again striking Lavan in the leg. Defendant then began pursuing Lavan.

Upon hearing gunfire, Oliver crouched between two parked cars. Defendant's pursuit of Lavan ceased when he spotted Oliver. Defendant pointed his gun at Oliver, who was wearing new boots and a new jacket, and told him to "[t]ake your boots and your coat off." When Oliver unzipped his jacket, defendant noticed the necklaces Oliver was wearing and said, "Take the shit off your neck too." Oliver was in the process of complying when a police vehicle drove past. Defendant turned and ran away.

Sacramento police officers were dispatched to the area in response to a call of shots fired. Officer Husted arrived and observed defendant discard a handgun while fleeing the area. Husted released his canine partner, who was able to apprehend defendant. Once in custody, defendant was identified by both Lavan and Oliver as their assailant. Officers located two spent rounds in the cylinder of the firearm discarded by defendant.

### Defense

Defendant testified that earlier in the evening he sold some drugs and later, while standing on the corner, was approached by Lavan and Oliver. Lavan inquired about defendant's presence in the area, indicating he had not seen defendant previously. Lavan started an argument and pulled out a firearm. In response, defendant reached for his gun, and after Lavan fired a shot that missed, defendant fired back. According to defendant, Lavan retreated and fired again. Defendant fired a second shot and Lavan ran across

the street. Defendant denied pursuing Lavan, and also denied approaching Oliver and demanding property from him. When defendant realized the police were approaching, he fled but was quickly apprehended.

I, II*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

III

██  Defendant argues the application of section 12022.53, subdivision (b) to attempted robbery violates the equal protection clause of the state and federal Constitutions. Section 12022.53, subdivision (b), states in relevant part: "(b) Notwithstanding any other provision of law, any person who is convicted of a felony in subdivision (a) [which includes attempted robbery], and who in the commission of that felony personally used a firearm, shall be punished by a term of imprisonment of 10 years in the state prison, which shall be imposed in addition and consecutive to the punishment prescribed for that felony. . . ."

Defendant argues application of section 12022.53 in this case violates equal protection in that there is no rational basis for including attempted robbery within the confines of the section, and not including other crimes such as assault with a firearm. Defendant's claim lacks merit.

██  "In order to establish a meritorious claim under the equal protection provisions of our state and federal Constitutions [a defendant] must first show that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. [Citation.] Equal protection applies to ensure that persons similarly situated with respect to the legitimate purpose of the law receive like treatment; equal protection does not require identical treatment." (*People v. Green* (2000) 79 Cal.App.4th 921, 924 [94 Cal.Rptr.2d 355].)

██  In enacting section 12022.53, the Legislature indicated its intent as follows: "The Legislature finds and declares substantially longer prison sentences must be imposed on felons who use firearms in the commission of their crimes, in order to protect our citizens and to deter violent crime." (Stats. 1997, ch. 503, § 1.) There can be no question the statute is rationally related to the intent of the Legislature and supports a legitimate state interest. (*People v. Perez* (2001) 86 Cal.App.4th 675, 680 [103 Cal.Rptr.2d 533].)

Nor can it be said the crimes of assault with a deadly weapon and attempted robbery with the use of a firearm involve the same risks. An

*See footnote, *ante*, page 318.

assault is simply an unlawful attempt, coupled with present ability, to commit a violent injury on the person of another. (§ 240.) Attempted robbery, on the other hand, almost always, albeit not necessarily, involves the application of violence. The Legislature may well have determined the reason why most defendants are convicted only of "attempt" to commit robbery is that the intended victims resisted, sometimes with serious consequences, the demands of the defendant to turn over property.

■ "Normally, the widest discretion is allowed the legislative judgment in determining whether to attack some, rather than all, of the manifestations of the evil aimed at; and normally that judgment is given the benefit of every conceivable circumstance which might suffice to characterize the classification as reasonable rather than arbitrary and invidious." (*McLaughlin v. Florida* (1964) 379 U.S. 184, 191 [85 S.Ct. 283, 288, 13 L.Ed.2d 222, 228].)

■ It may well be that at some point in the future, the Legislature will take another look at whether all assaults involving the use of a weapon should be included within the confines of section 12022.53. As for now, however, the fact the Legislature chose not to include all gun-related assaults within the ambit of the section does not render the statute unconstitutional. (*Hale v. Morgan* (1978) 22 Cal.3d 388, 398 [149 Cal.Rptr. 375, 584 P.2d 512].)

Defendant argues equal protection is violated because the prosecution elected to charge a section 12022.53 enhancement, depriving the trial court of the sentencing discretion it would have had defendant instead been charged with a different gun enhancement provision, i.e., section 12022.5, which carries a sentence enhancement of three, four or ten years. Defendant argues that "[i]f discretionary punishment can be imposed, the case must be remanded for resentencing to allow the trial court to exercise its sentencing discretion . . . ." We disagree.

■ " 'Prosecutors have great discretion in filing criminal charges. [Citation.] This discretion includes the choice of maximizing the available sentence (including charging of enhancements) to which a defendant might be exposed in the event of conviction [citations] and the timing of filing unrelated charges [citations]. Such discretion does not violate equal protection.' " (*People v. Gonzales* (2001) 87 Cal.App.4th 1, 15 [87 Cal.App.4th 1378a, 104 Cal.Rptr.2d 247].)

IV

■ Finally, defendant argues the mandatory nature of the punishment imposed pursuant to section 12022.53, subdivision (b)—a 10-year consecutive term—constitutes cruel and unusual punishment with regard to the crime of attempted robbery. We disagree.

First, and foremost, "[t]here can be no serious contention . . . that a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.' " (*Harmelin v. Michigan* (1991) 501 U.S. 957, 995 [111 S.Ct. 2680, 2701, 115 L.Ed.2d 836, 865].) The question thus is whether the 18-year term imposed for defendant's current criminal escapades is cruel and unusual. It is not.

Generally speaking, the analysis for cruel or unusual punishment under California law is to consider the nature of the offense and of the offender. (*People v. Dillon* (1983) 34 Cal.3d 441, 479 [194 Cal.Rptr. 390, 668 P.2d 697].) Unquestionably, the nature of the offenses involved in this case was serious. Defendant, who had just shot Oliver's friend at near point-blank range, approached Oliver, pointed a firearm at him, and demanded Oliver turn over his property. Oliver was in the process of complying when the passing of a police car interrupted the crime. To suggest these circumstances are not serious and fail to warrant a serious penalty is nonsense.

As to the nature of the offender criterion, the probation report shows defendant has an extensive criminal record, including several misdemeanor and three felony convictions, dating back to when defendant was 18 years old. Defendant has been to state prison twice and to county jail numerous times. Defendant's behavior in his current offenses was extremely violent and serious. Given both the nature of the crime and defendant's prior record, an 18-year term for the instant offenses could hardly be described as cruel or unusual.

### DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Sims, J., concurred.

A petition for a rehearing was denied November 26, 2001, and appellant's petition for review by the Supreme Court was denied January 29, 2002.