Filed 3/15/23  P. v. Rymalowicz CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PAUL DAVID RYMALOWICZ,<br><br>Defendant and Appellant. | F083785<br><br>(Super. Ct. No. 09CM2650HTA)<br><br>**OPINION** |

## THE COURT*

APPEAL from an order of the Superior Court of Kings County.  Michael J. Reinhart, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri, Eric L. Christoffersen and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Poochigian, Acting P. J., Snauffer, J. and DeSantos, J.

## INTRODUCTION

Defendant Paul David Rymalowicz pled no contest to two counts of continuous sexual abuse of a child and was sentenced to a stipulated prison term of 28 years pursuant to a negotiated plea. Subsequently, defendant filed a petition for resentencing under Penal Code section 1170.91,[1] which permits individuals to petition for resentencing when military-related trauma was not considered as a mitigating factor at the time of sentencing. The trial court denied his petition because he entered a plea agreement with a stipulated term of imprisonment. While defendant's appeal was pending, Senate Bill No. 1209 (2021–2022 Reg. Sess.) (Senate Bill 1209) amended section 1170.91, in relevant part, by excluding persons who have been convicted of an offense requiring sex offender registration from eligibility for resentencing. (§ 1170.91, subd. (c).) We ordered the parties to submit supplemental briefing addressing the impact of Senate Bill 1209 on defendant's case. Defendant contends the new exclusion has no effect on his case because it does not apply retroactively, and to do so would deny him equal protection of the law. We affirm.

## PROCEDURAL BACKGROUND[2]

In 2009, the Kings County District Attorney filed an information charging defendant with two counts of continuous sexual abuse of a child (§ 288.5, subd. (a); counts 1 & 8), one count of lewd and lascivious acts by force against a child under the age of 14 (§ 288, subd. (b)(1); count 2), two counts of committing a lewd act on a child under the age of 14 (§ 288, subd. (a); counts 3 & 9), one count of unlawful sexual intercourse by a person over the age of 21 with a person under the age of 16 (§ 261.5, subd. (d); count 4), two counts of oral copulation of a person under the age of 14 (former

---

[1]   All further statutory references are to the Penal Code.

[2]   Because defendant raises only a sentencing issue, the facts underlying the offenses are not relevant and are omitted from this opinion.

§ 288a, subd. (c)(1); counts 5 & 10), one count of sodomy of a child under 14 years old and more than 10 years younger than defendant (former § 286, subd. (c)(1); count 6), one count of sodomy by force or fear (former § 286, subd. (c)(2); count 7), and one count of forcible oral copulation (former § 288a, subd. (c)(2); count 11).

In 2010, defendant pled no contest to two counts of continuous sexual abuse of a child (§ 288.5, subd. (a); counts 1 & 8) in exchange for the dismissal of the remaining counts and a stipulated prison term of 28 years. Defendant was required to register as a sex offender.

In 2021, defendant filed a petition for resentencing under former section 1170.91, which allowed resentencing of any "person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service" (former § 1170.91, subd. (b)(1)), so long as the defendant's service-related issues were not considered as a factor in mitigation at the time of sentencing and the defendant was sentenced prior to January 1, 2015 (former § 1170.91, subd. (b)(1)(A)–(B)). Defendant alleged he was a former military member and that as a result of his military service, he suffered from substance abuse. He further alleged that at the time of sentencing, the trial court did not consider his military service and he was sentenced prior to January 1, 2015.

The trial court denied defendant's petition because he had been sentenced pursuant to a stipulated sentence. In reaching its decision, the court relied on *People v. Brooks* (2020) 58 Cal.App.5th 1099 (*Brooks*), reasoning that a "stipulated sentenced once accepted by the court at entry of plea, prevents the court's later exercise of discretion to resentence" defendant pursuant to section 1170.91.

On January 12, 2022, defendant filed a notice of appeal.

## DISCUSSION

Defendant contends the amendment to section 1170.91, excluding persons who have a conviction requiring sex offender registration from petitioning for resentencing under the statute, does not apply retroactively, and that excluding him from resentencing eligibility would deny him equal protection of the law.

### A.      History of Section 1170.91

On January 1, 2015, the Legislature enacted the original version of section 1170.91.  At the time, section 1170.91 required "a sentencing court [to] consider mental health and substance abuse problems stemming from military service as a mitigating factor when imposing a determinate term under section 1170, subdivision (b)." (*People v. King* (2020) 52 Cal.App.5th 783, 788 (*King*).)  Persons who were already incarcerated were not afforded any relief under the original version of the statute.

"In 2018, the Legislature amended section 1170.91, designating the original language as subdivision (a), and adding subdivision (b), which created a remedy for qualifying defendants who were sentenced before section 1170.91 went into effect." (*People v. Valliant* (2020) 55 Cal.App.5th 903, 907.)  In order to qualify for resentencing, the person must have been sentenced prior to January 1, 2015, and to a determinate term under section 1170, subdivision (b).  (Former § 1170.91, subd. (b)(1)(A)–(B).)  A defendant who was sentenced pursuant to a stipulated term was ineligible for relief. (*King*, *supra*, 52 Cal.App.5th at pp. 790–791; accord, *Brooks*, *supra*, 58 Cal.App.5th at p. 1106; accord, *People v. Pixley* (2022) 75 Cal.App.5th 1002, 1008.)

### B.      Senate Bill 1209

Effective January 1, 2023, Senate Bill 1209 amended section 1170.91 by eliminating the requirements that the person must have been sentenced prior to January 1, 2015, and to a determinate sentence under section 1170, subdivision (b) to qualify for resentencing.  (Stats. 2022, ch. 721, § 1(a) & (b)(1); § 1170.91, subds. (a) & (b)(1).) Section 1170.91 now provides that "[a] person currently serving a sentence for a felony

4.

conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in the case, to request resentencing if the circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing." (§ 1170.91, subd. (b)(1).) This provision explicitly applies retroactively. (§ 1170.91, subd. (b)(10).)

Additionally, Senate Bill 1209 added a provision excluding a person having a conviction requiring sex offender registration from relief under section 1170.91. (§ 1170.91, subd. (c) ["This section does not apply to a person convicted of, or having one or more prior convictions for, … an offense requiring registration pursuant to subdivision (c) of Section 290."].)

### C.     Standard of Review

"Statutory interpretation is a matter of de novo review. [Citation.] 'Our fundamental task … is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.' " (*People v. Montano* (2022) 80 Cal.App.5th 82, 111–112.)

**D.    Analysis**

Although the amendment eliminating the requirement that the person must have been sentenced to a determinate sentence to qualify for relief under section 1170.91 expressly applies retroactively (§ 1170.91, subd. (b)(10)), defendant still does not qualify for resentencing.  "[S]ection [1170.91] does not apply to a person convicted of, or having one or more prior convictions for, … an offense requiring registration pursuant to subdivision (c) of Section 290."  (§ 1170.91, subd. (c).)  As noted, defendant was required to register as a sex offender; therefore, he is not eligible for resentencing under section 1170.91.

Defendant argues section 1170.91, subdivision (c), does not apply retroactively because the Legislature failed to include a retroactivity clause under that subdivision (whereas subdivision (b) does contain a retroactivity clause).  He contends "[t]his suggests the Legislature did not intend for subdivision (c), to apply retroactively."

To summarize, section 1170.91 contains three subdivisions.  Subdivision (a) provides that a sentencing court must consider a defendant's military service related trauma as a factor in mitigation at the time of sentencing.  (§ 1170.91, subd. (a).)  Subdivision (b) outlines the mechanism by which a person who is already serving a sentence can petition for resentencing under the statute.  (§ 1170.91, subd. (b).)  Subdivision (c) then provides that section 1170.91 as a whole does not apply to a person who has been convicted of an offense requiring sex offender registration.  (§ 1170.91, subd. (c) ["*This section* does not apply to a person convicted of, or having one or more prior convictions for, … an offense requiring registration pursuant to subdivision (c) of Section 290."  (Italics added)].)

" 'Our task in interpreting a statute "is to ascertain and effectuate legislative intent. [Citations.]"  [Citation.]  In order to do so, "[w]e turn first to the words of the statute themselves, recognizing that 'they generally provide the most reliable indicator of legislative intent.'  [Citations.]  When the language of a statute is 'clear and

6.

unambiguous' and thus not reasonably susceptible of more than one meaning, ' " ' "there is no need for construction, and courts should not indulge in it." ' " ' " ' " (*People v. Valliant*, *supra*, 55 Cal.App.5th at p. 908.) The interpretation defendant urges us to accept would require us to ignore the plain meaning of the language in section 1170.91, subdivision (c). By using the phrase "[t]his section," it is clear the Legislature intended subdivision (c) to apply to both subdivisions (a) and (b). (See § 1170.91, subd. (c).) Therefore, a person who has been convicted of an offense requiring sex offender registration is not eligible for relief under newly amended section 1170.91.

We further reject defendant's equal protection challenge in which he argues that "[i]t would be a denial of equal protection to find [him] not eligible for relief because of the enactment of section 1170.91, subdivision (c), when similarly situated offenders were [previously] granted relief."

" 'The right to equal protection of the law generally does not prevent the state from setting a starting point for a change in the law. "[T]he Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time." [Citation.] The same rule applies to changes in sentencing law that benefit defendants.' " (*People v. Baltazar* (2020) 57 Cal.App.5th 334, 341.) " 'A criminal defendant has no vested interest " 'in a specific term of imprisonment ….' " ' " (*Ibid.*) " '[E]qual protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose." [Citation.] In other words, the legislation survives constitutional scrutiny as long as there is " 'any reasonably conceivable state of facts that could provide a rational basis for the classification.' " [Citation.] This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve. Nor must the underlying rationale be empirically substantiated. [Citation.] While the realities of the subject matter cannot be completely ignored

7.

[citation], a court may engage in " 'rational speculation' " as to the justifications for the legislative choice [citation].' " (*Ibid*.)

In enacting Senate Bill 1209, the Legislature considered the equal protection of veterans. In fact, the " 'key point' " of amending section 1170.91 was to " 'ensure that veterans that have experienced trauma related to their military service are provided with the sentencing mitigation and resentencing opportunities [the Legislature has] already passed into law.' " (Assem. Com. on Public Safety, analysis of Sen. Bill No. 1209 (2021–2022 Reg. Sess.) June 14, 2022, p. 3.) According to Senate Bill 209's author, " 'The initial bill that allowed for sentencing mitigation did not apply to resentencing at all, treating those veterans who were already incarcerated differently. [In 2018, the Legislature] corrected this with a bill to allow for resentencing for crimes that occurred before 2015. Unfortunately, this retroactivity has also been applied unevenly, to such an extent that … Supreme Court Justice Godwin Liu noted this section of law "fails to ensure equal treatment of all veterans." [Senate Bill] 1209 seeks to correct this injustice against those who have served our country. … This bill ensures those with trauma from their honorable military service and sacrifice are provided the considerations [we have] already passed into law.' " (*Ibid*.) However, the Legislature could have reasonably concluded that persons with certain offenses pose a risk to public safety and should not be afforded the same considerations. (See *People v. Perez* (2001) 86 Cal.App.4th 675, 678 [public safety is a legitimate state interest].) Because section 1170.91, subdivision (c), is rationally related to a legitimate state interest, it does not violate equal protection.

Finally, we note that even under former section 1170.91, defendant would not be entitled to relief because he was sentenced pursuant to a stipulated term. As mentioned, a person who was sentenced pursuant to a stipulated term was ineligible for relief under former section 1170.91. (*King*, *supra*, 52 Cal.App.5th at pp. 790–791; accord, *Brooks*,

*supra*, 58 Cal.App.5th at p. 1106; accord, *People v. Pixley*, *supra*, 75 Cal.App.5th at p. 1008.)

## DISPOSITION

The trial court's order denying defendant's petition is affirmed.