[Civ. No. 35422.  Second Dist., Div. Three.  Dec. 16, 1969.]

PETER J. PITCHESS, as Sheriff, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JOSEPH DEL BONO et al., Real Parties in Interest.

## Counsel

John D. Maharg, County Counsel, Michael H. Dougherty, Deputy County Counsel, Richard R. Terzian, City Attorney, and George W. Wakefield, Assistant City Attorney, for Petitioners.

No appearance for Respondent.

Mydland, Dugan, Grant & Pic'l and Dean R. Pic'l for Real Parties in Interest.

## Opinion

**FEINERMAN, J. pro tem.**\*—On July 3, 1969, real party in interest, Joseph Del Bono, filed a complaint seeking a temporary restraining order and a preliminary injunction enjoining the County of Los Angeles and its agents, servants and employees from arresting the plaintiff or his employees for the presentation of so-called "bottomless entertainment" at plaintiff's place of business. The complaint alleged that the plaintiff and his employees were defendants in 80 charges pending in the Municipal Court of the El Monte Judicial District; that the plaintiff had been required to post $70,000 bail on behalf of his employees at a cost to himself of $7,000 in bail bond premiums; that the defendants in the criminal proceedings who

---

\*Assigned by the Chairman of the Judicial Council.

are arrested "night after night" are the same individuals; that the "entertainment" presented by his employees was of a type and nature which had been held to be constitutionally protected and not in violation of any law; that the actions of the county were an attempted restriction upon the rights of free speech of the plaintiff and his employees; that plaintiff had suffered irreparable damage by virtue of the fact that the moneys expended for bond premiums were not recoverable and the fact that he had extreme difficulty in obtaining employees because they were faced with arrest and incarceration.

The Sheriff and District Attorney of the County of Los Angeles were not named in the complaint, were not served with the summons and complaint. and did not appear in the trial court.

On July 17, 1969, the plaintiff filed a first Amended Complaint containing the same charging allegations, and the respondent court issued an ex parte restraining order restraining the County of Los Angeles from arresting the plaintiff or his employees ". . . . for any offense predicated upon exposing the buttocks, pubic hair and external lips of the vagina of dancers while engaging in entertainment consisting of dancing at plaintiff's place of business."

A hearing was held on the motion for preliminary injunction on August 1, 1969. At the conclusion of the hearing, the court issued a preliminary injunction (entitled "Restraining Order") as follows: "UPON READING the affidavits of Dean R. Pic'l and Joseph Del Bono and the verified complaint and upon all of the files and records herein, and it appearing that the multiple arrests, bookings, and bail required in connection with the premises located at 14830-32 Valley Boulevard, Industry, California, known as the Showplace, will cause immediate and irreparable injury and great financial loss and damage to plaintiff, and that the bail already exacted in connection with the multiple arrests under the particular circumstances is excessive for misdemeanor cases: IT IS ORDERED, That: The District Attorneys Office, Sheriff of Los Angeles County for the City of Industry, their agents, attorneys, servants and representatives, are enjoined from threatening, instituting, or causing to institute, any arrest or prosecution against plaintiff, or anyone associated with plaintiff in the presentation of entertainment at the Showplace located at 14830-32 Valley Boulevard, Industry, County of Los Angeles, State of California, and from taking any action, or engaging in any conduct which interferes with the performance of the said entertainment (topless and/or bottomless). However, that this Order shall not, in any manner or form, interfere with the right of the defendants, their agents, attorneys, servants and representatives, to institute additional prosecution *by citation only, as provided for in California Penal Code Section 853.6* and to continue with prosecutions

against plaintiff, and anyone associated with plaintiff, based upon the aforesaid entertainment."

On August 22, 1969, real party in interest, Joseph L. Matuck, filed a complaint seeking injunctive relief. The complaint alleged that he was the owner of a business which had been presenting entertainment "of the exact type and nature" which had been held constitutionally protected; that the plaintiff and his employees were the defendants in 30 criminal actions; that they had been arrested "night after night"; that the plaintiff had spent $3,750 in bail bond premiums for himself and his employees; that the frequent presence of police officers had substantially reduced the gross receipts of his business. In a declaration filed with the trial court prior to the hearing on the preliminary injunction, Matuck alleged that his weekly gross had dropped from $3,500 to $1,900 and that the continued presence of law enforcement officers on the premises and their vehicles parked outside caused many patrons to advise him of their unwillingness to frequent his establishment.

After hearings in respondent court, preliminary injunctions were issued against both the City of Azusa and the County of Los Angeles (served as a Doe). The provisions of said injunctions are similar to those contained in the Del Bono injunction set forth above.

Petitioners initially contend that the respondent court was without jurisdiction to issue an injunction against the sheriff and district attorney because they were not named in the complaint, were not served with the summons and complaint, and were not represented at the hearings on the preliminary injunctions. It is not disputed that the sheriff and district attorney had notice of the terms of the injunction.

■ It is well established that an injunction may run to classes of persons through whom the enjoined party may act, such as agents, servants, employees, aiders and abettors, though they were not parties to the action (27 Cal.Jur.2d 212). Thus, an injunction restraining a corporation, and its officers, agents, and employees is binding on all such persons having notice of the injunction. (*McFarland* v. *Superior Court,* 194 Cal. 407 [228 P. 1033].)

■ Counties are political subdivisions of the state for purposes of government (*Los Angeles County* v. *City of Los Angeles,* 212 Cal.App.2d 160 [28 Cal.Rptr. 32]), but they are also classified as quasi corporations and exercise corporate powers. (*Whelan* v. *Bailey,* 1 Cal.App.2d 334 [36 P.2d 709].) Section 23003 of the Government Code provides: "A county is a body corporate and politic, has the powers specified in this title and such others necessarily implied from those expressed." Section 24000 of the Government Code defines who are county officers. The officers of the

county include "A district attorney" (§ 24000, subd. (a)) and "A sheriff" (§ 24000, subd. (b)). Article XI, section 5, of the California Constitution states that the Legislature shall provide by general and uniform laws for the election or appointment of district attorneys and sheriffs in the several counties. Government Code sections 26500-26505 set forth the duties of the district attorney as a public prosecutor, and sections 26600-26613 of the Government Code delineate the duties of the sheriff.

■ It appears that the district attorney of a county wears two hats. He acts as both a county officer and a state officer in the exercise of the powers for which he has been elected. (*Galli* v. *Brown*, 110 Cal.App.2d 764 [243 P.2d 920]; *Singh* v. *Superior Court*, 44 Cal.App. 64 [185 P. 985].) The dual functions of the district attorney were discussed in *Sloane* v. *Hammond*, 81 Cal.App. 590, 599 [254 P. 648] wherein the court stated: "It may be conceded that for some purposes a district attorney is a county officer and as such exercises some of the 'powers' of a county. When, however, he conducts prosecutions for the punishment of crimes denounced by act of the legislature, he certainly discharges functions which pertain to the state and not to the county, whether or not, technically, he is to be deemed a state officer when he is engaged in the discharge of such function."

■ The sheriff also wears many hats. In addition to being an officer of the county, he also acts as an officer of the courts (*First Nat. Bank* v. *McCoy*, 112 Cal.App. 665 [297 P. 571]) and is charged by state statutes with the responsibility of keeping the peace and apprehending persons charged with crimes. (Gov. Code, §§ 26600-26602.)

■ A determination of the members of the class of persons properly included within the mandate of the respondent court is not necessary, since we have concluded that the injunctive orders prohibiting arrest of the plaintiffs and their employees in the "presentation of entertainment" are not definite enough to provide a standard of conduct for those whose activities are proscribed, as well as a standard for the ascertainment of violations of the injunctive orders by the courts called upon to apply them, and, therefore, are in excess of jurisdiction. A full discussion of the subject is contained in the opinion of this court filed today in *Pitchess* v. *Superior Court, ante,* p. 644 [83 Cal.Rptr. 35], which we deem controlling on the facts of this case.

For the reasons set forth above, there is no need to discuss the remaining contentions of the petitioners.

The petition for peremptory writ of prohibition is granted requiring the respondent court to annul and vacate the orders heretofore made in each of these cases.

Ford, P. J., and Schweitzer, J., concurred.