[No. B094396. Second Dist., Div. Four. Jan. 19, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES KILBORN, Defendant and Appellant.

**BELOW IS A PASTE-OVER CRACK-AND-PEEL INSERT FOR CORRECTION OF AN ERROR IN THE BOUND VOLUME REPORT OF PEOPLE v. KILBORN (1996) 41 CAL.APP.4TH 1325, AT PAGE 1327, HEADNOTE 4.**

Please remove the correction insert from the peel-off backing and position it to cover headnote 4 on page 1327.

**(4) Criminal Law § 686—Successive Crimes and Habitual Offenders— Constitutionality of Statutes—Three Strikes Law—Separation of Powers.**—The provision of the three strikes initiative (Pen. Code, § 1170.12, subd. (d)(1), (2)) requiring the prosecutor to plead and prove all prior serious and violent felony convictions does not violate the constitutional principle of separation of powers (Cal. Const., art. III, § 3). There is no authority for the proposition that the charging discretion of prosecutors cannot be limited by law. The district attorney acts as a state officer when prosecuting crimes, and the authority of the office derives from statute.

## COUNSEL

Joseph B. de Illy, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne, Sanjay T. Kumar and David Andrew Eldridge, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**EPSTEIN, Acting P. J.**—James Kilborn, the appellant, attacks the three strikes sentencing law because it allows a recidivist felon whose previous crime was a serious or violent felony but who is now convicted of a less heinous felony, to be sentenced to double the principal term he or she otherwise would have received. The system is irrational, he argues, when compared to a sentence imposed on a felon whose sequence of crime is reversed (that is, a felon who committed a felony not classified as serious or violent, followed by one that is). That person does not receive a doubled principal term. Appellant argues this is a violation of his due process and equal protection rights. He also argues the three strikes law violates the constitutional principle of separation of powers by curtailing prosecutorial discretion. We find no constitutional infirmity on either of the grounds asserted, and affirm the conviction.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant entered a guilty plea to the present felony, and no issue is presented with respect to the antecedent facts of that crime. It is sufficient for the purposes of this opinion to note that he was charged and convicted of

a violation of Health and Safety Code, section 11377, subdivision (a), possession of methamphetamine. Three prior convictions were alleged and admitted: robbery, once (Pen. Code, § 211; all further code citations are to that code), and receiving stolen property, twice (§ 496). One of these, robbery, is classified as a "serious felony," (§ 1192.7, subd. (c)(19)). Appellant's conviction for that crime triggered application of the three strikes initiative. (§ 1170.12, subd. (d)(1).)

Appellant was sentenced to the low term for his crime (16 months pursuant to § 18), doubled because of the prior serious felony. (§ 1170.12, subd. (c)(1).) Probation was denied, sentencing on the other two priors was stayed, and appellant was sentenced to a 32-month prison term for his recidivist present crime. He filed a timely notice of appeal.

## DISCUSSION

### I

Appellant's first arguments are directed to the rationality of the three strikes sentencing law. As applied to him, it results in a doubling of his principal term since he was convicted of a single current felony and had suffered a single prior conviction classified as a serious felony. He argues that the statute violates his constitutionally protected rights to due process and equal protection of the laws.

### A

We begin with the due process claim. The argument, which we have paraphrased, is that the sentencing scheme metes out greater punishment to those whose crimes are of diminishing severity, and corresponding lesser punishment to those whose crimes are of increasing seriousness. That, he argues, not only runs counter to accepted sentencing theory reflected in rules issued pursuant to the Determinate Sentencing Act (Cal. Rules of Court, rules 413(c)(ii), 414(b)(1), 421(b)(2)), but also is irrational.

His major premise is sound: a sentencing law that is utterly irrational is unconstitutional, and does not afford a basis for punishment. In the case of a substantive due process claim, such as is presented here, "deprivation of a right is supportable only if the conduct from which the deprivation flows is prescribed by reasonable legislation that is reasonably applied; that is, the law must have a reasonable and substantial relation to the object sought to be attained." (*In re Marilyn H.* (1993) 5 Cal.4th 295, 306-307 [19 Cal.Rptr.2d 544, 851 P.2d 826]; *Gray* v. *Whitmore* (1971) 17 Cal.App.3d 1,

21 [94 Cal.Rptr. 904].) As our Supreme Court stated the principle in another formulation, "In the exercise of its police power a Legislature does not violate due process so long as an enactment is procedurally fair and reasonably related to a proper legislative goal. The wisdom of the legislation is not at issue in analyzing its constitutionality, and neither the availability of less drastic remedial alternatives nor the legislative failure to solve all related ills at once will invalidate a statute." (*Hale* v. *Morgan* (1978) 22 Cal.3d 388, 398 [149 Cal.Rptr. 375, 584 P.2d 512].)

■ The purpose of the three strikes law is manifest. It was stated in the legislative statute that preceded the initiative: to ensure that persons who are convicted of a felony after having been previously convicted of one or more serious or violent felonies, will receive a longer sentence and greater punishment than otherwise would be imposed. (§ 667, subd. (b).) The ballot pamphlet argument in support of Proposition 184, by which the Three Strikes initiative was adopted, makes it clear that the purpose of the initiative is the same. (See Ballot Pamp. analysis of Prop. 184 by Legislative Analyst as presented to the voters, Gen. Elec. (Nov. 8, 1994).)

There can be no doubt that the legislative purpose—to punish recidivist criminals more severely than others—is a proper goal. It has to do with preventing and punishing crime, and with protecting the public from criminals. The core idea is that those who have not drawn the proper lesson from a previous conviction and punishment should be punished more severely when they commit more crime. Nor is it irrational to provide that the more serious the previous crime, the greater should be the punishment for a subsequent offense. Recidivist laws have been part of the legal landscape for a very long time, and their basic validity is beyond serious legal question. (See *People* v. *Biggs* (1937) 9 Cal.2d 508, 512 [71 P.2d 214, 116 A.L.R. 205] and discussions in *Legislation* (1937) 51 Harv. L.Rev. 345 and *Recent Cases* (1950) 63 Harv. L.Rev. 1448.)

Appellant directs his attention to the circumstance that one who commits a serious or violent felony after a previous conviction for a felony that is not of that grade is punished less severely than a defendant whose order of crimes is reversed. Putting aside the facts that substantial punishments are imposed for felonies classified as serious or violent and that, in the case like that of appellant where a second strike is involved, the doubled-punishment system will yield a doubling of the already substantial sentence for the second serious or violent felony, appellant's focus is misplaced. The key to the statute is recidivism. If a person has committed a felony so egregious as to merit the legislative classification as serious or violent, the public has a heightened interest in seeing to it that that person commits no more felonies

of *any* kind or degree. Increasing the punishment for the new felony is a logical way to accomplish that objective.

The real quarrel of appellant, we believe, is that the Legislature, first, and the people of California, second, by approving the initiative statute under which he was sentenced, have acted unwisely. But the wisdom of their choice is not subject to judicial review, so long as it is rational. It is. (See *People* v. *Sipe* (1995) 36 Cal.App.4th 468, 482 [42 Cal.Rptr.2d 266].)

B

■ The major portion of appellant's rationality argument is directed at the principle of equal protection. He argues that the initiative classifies recidivists by whether or not their present offense is worse than the felony convictions that preceded it, and reserves the greater punishment for those whose crimes are less serious. The discrimination cannot be upheld on any rational basis, he argues, and so must be struck down. He makes a similar attack on the feature of the law that limits prison custody credits in the case of persons sentenced under the three strikes law. (See §§ 2933, 1170.12, subd. (a)(5).)

At the outset, appellant argues the strict scrutiny test ought to apply because a protected interest—liberty—is involved. He cites *People* v. *Olivas* (1976) 17 Cal.3d 236, 251 [131 Cal.Rptr. 55, 551 P.2d 375], in which that test was applied in the context of a liberty interest. Under the strict scrutiny test, once it is determined that a classification affects a fundamental interest or right or involves a suspect classification, the burden is on the state to establish a compelling interest that justifies the law, and to demonstrate that the distinctions it draws are necessary to that purpose. (*Id.* at p. 251.)

In *Olivas*, the court reviewed a statutory scheme in which youthful misdemeanants were punished more severely than adults who committed the same crime. The court applied the strict scrutiny test, and found the classification constitutionally infirm.

But the fact that liberty interests are involved in criminal punishment does not mean that every criminal law imposing punishment is subject to strict scrutiny. (See *People* v. *Hughes* (1980) 112 Cal.App.3d 452, 459 [169 Cal.Rptr. 364]; *People* v. *Mitchell* (1994) 30 Cal.App.4th 783, 794 [36 Cal.Rptr.2d 150].) "[I]t is one thing to hold, as did *Olivas*, that persons convicted of the *same crime* cannot be treated differently. It is quite another to hold that persons convicted of *different crimes* must be treated equally. The latter are not similarly situated for equal protection purposes." (*Smith* v. *Municipal Court* (1978) 78 Cal.App.3d 592, 601 [144 Cal.Rptr. 504].)

The basic rule, which we apply, is that the principle of equal protection of the laws "compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment." (*Purdy & Fitzpatrick* v. *State of California* (1969) 71 Cal.2d 566, 578 [79 Cal.Rptr. 77, 456 P.2d 645, 38 A.L.R.3d 1194].) Legislative classifications must bear a rational relationship to a legitimate legislative goal; that is, the classification must be " 'rationally related to a legitimate governmental purpose.' " (*Board of Supervisors* v. *Local Agency Formation Com.* (1992) 3 Cal.4th 903, 913 [13 Cal.Rptr.2d 245, 838 P.2d 1198], quoting *Cleburne* v. *Cleburne Living Center, Inc.* (1985) 473 U.S. 432, 446 [87 L.Ed.2d 313, 324, 105 S.Ct. 3249].)

"Normally, the widest discretion is allowed the legislative judgment in determining whether to attack some, rather than all, of the manifestations of the evil aimed at; and normally that judgment is given the benefit of every conceivable circumstance which might suffice to characterize the classification as reasonable rather than arbitrary and invidious." (*McLaughlin* v. *Florida* (1964) 379 U.S. 184, 191 [13 L.Ed.2d 222, 228, 85 S.Ct. 283]; see also *Truax* v. *Raich* (1915) 239 U.S. 33, 43 [60 L.Ed. 131, 136, 36 S.Ct. 7]; *McDonald* v. *Massachusetts* (1901) 180 U.S. 311, 313 [45 L.Ed. 542, 547, 21 S.Ct. 389].) And, as the District of Columbia Circuit put it, ". . . a state legislature does not violate the equal protection provision of the Fourteenth Amendment in enacting statutes which impose a heavier penalty for second or subsequent offenses, since the fact of a prior conviction in such cases is considered as affording a reasonable basis for classification." (*Kendrick* v. *United States* (D.C.Cir. 1956) 238 F.2d 34, 37 [99 App.D.C. 173]; see also Annot. (1942) A.L.R. 673, 674 [constitutionality of recidivist laws generally upheld].)

The law we are reviewing classifies persons who have committed a serious or violent felony in the past separately from other recidivists, singling them out for greater punishment. There is no doubt but that a legislative body (or the people acting collectively in that capacity through the initiative process) may enact such a law. Appellant's quarrel, we believe, is that the statute makes no further classification. Persons with two or more prior serious or violent felonies are treated more harshly upon conviction of another felony than those who, like appellant, have only one such prior conviction. But beyond that, the three strikes law does not classify; it makes no distinction. All persons who were convicted of a serious or violent felony in the past will receive the same degree of punishment for a further felony if they commit one, regardless of the felony. Appellant's argument, on analysis, is that persons in his situation (a nonserious or violent present felony) should be *exempted* from application of the new law. Exempting them was a

legislative option, obviously rejected by the Legislature and by the people. The system of imposing greater punishment on *all* persons who commit a felony-grade crime after having committed one or more serious or violent felonies in the past, is rationally related to the legitimate public objective of discouraging recidivism. There are certainly many ways to achieve that objective, but selection among alternatives is a peculiarly legislative task. The selection in this case is rational, and we uphold it.

We therefore conclude that appellant's sentencing did not violate his due process or equal protection rights. For the same reasons, we also conclude that the custody credit formula is valid as applied to him. (See *People* v. *Sipe, supra,* 36 Cal.App.4th at p. 483.)

## II

The three strikes law requires the prosecutor to plead and prove all prior serious and violent felony convictions. (§ 1170.12, subd. (d)(1), (2).) Appellant argues that this statutory command violates the constitutional principle of separation of powers. (Cal. Const., art. I, § 3.) It does so, he argues, because the requirement that the prosecutor plead and prove all qualifying prior convictions usurps the discretion of prosecutors to decide what to prosecute, an executive function that cannot be limited by statute.

The validity of appellant's argument is dependent on the proposition that the charging discretion of prosecutors cannot be limited by law. Appellant cites no authority for that proposition, and we have found none. Former article XI, section 1, subdivision (b) of the California Constitution provided that the "Legislature shall provide for . . . an elected district attorney" and other specified officers. Section 5 of the same article provided that the "Legislature, by general and uniform laws, . . . shall prescribe their duties."

The Legislature has done so, principally in Government Code section 26500 et seq. and its predecessors. The second paragraph of section 26500 provides: "The public prosecutor shall attend the courts, and within his or her discretion shall initiate and conduct on behalf of the people all prosecutions for public offenses."

Section 5 of article XI of the California Constitution was repealed by Proposition 2, approved by the voters in June 1970 as part of an extensive reduction of constitutional language and transfer of authority to local governments and their electors. It is clear from the ballot arguments supporting

and opposing this measure that no change was envisaged that would prevent legislation on statewide matters from being enacted. (See Ballot Pamp., arguments in favor, against, and in rebuttal to Prop. 2, as presented to the voters, Prim. Elec. (June 2, 1970) pp. 5-8.) The Government Code provisions were not directly affected by this initiative; they were in force before its adoption and, with amendments not germane to this discussion, have remained in force since that time.

The district attorney acts as a state officer when prosecuting crimes. (See *Pitchess* v. *Superior Court* (1969) 2 Cal.App.3d 653, 657 [83 Cal.Rptr. 41]; *Graham* v. *Municipal Court* (1981) 123 Cal.App.3d 1018, 1022 [177 Cal.Rptr. 172].) The authority of the office derives from statute. (See *County of Modoc* v. *Spencer* (1894) 103 Cal. 498, 499 [37 P. 483].)

The provision in the three strikes law requiring the prosecutor to allege and prove prior serious felony offenses is not unlike other laws requiring that officer to act (see, e.g., § 969 ["all known previous convictions, whether in this State or elsewhere, must be charged"]; Gov. Code, § 26528 [district attorney may and, when directed by board of supervisors, shall bring actions to abate public nuisance]; Welf. & Inst. Code, § 11481 [district attorney shall prosecute contributing delinquency cases (§ 272) under specified circumstances]). It also is similar to statutory provisions restricting the discretionary authority of prosecutors (and courts) to enter plea bargains. (See, e.g., § 1192.7, subd. (a) [plea bargaining generally prohibited for serious felonies and other specified offenses].)

Finally, the prosecutor retains substantial authority and bases for discretion under the three strikes law. First, he or she must decide whether the person charged actually *has* suffered a previous conviction of a serious or violent felony. Second, the prosecutor is specifically authorized to move the court to dismiss or strike a prior felony conviction, either "in the furtherance of justice pursuant to Section 1385," or if there is insufficient evidence to prove the allegations. (§ 1170.12, subd. (d)(2).) In light of these provisions, the initiative has been held not to effect a change in the primary duties of the office. (*People* v. *Cartwright* (1995) 39 Cal.App.4th 1123, 1133 [46 Cal.Rptr.2d 351] [three strikes statute, § 667, subds. (b)-(i), valid urgency legislation].)

We conclude that the enactment of the three strikes initiative did not violate the separation of powers provision of the state Constitution.

DISPOSITION

The judgment is affirmed.

Hastings, J., and Rubin (L.), J.,* concurred.

On February 7, 1996, the opinion was modified to read as printed above.

---

*Judge of the Municipal Court for the Santa Monica Judicial District sitting under assignment by the Chairperson of the Judicial Council.