Filed 7/9/14  P. v. Byrd CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059922 |
| v. | (Super.Ct.No. FVI1300020) |
| CURTIS EDWARD BYRD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Curtis Edward Byrd appeals after he was found guilty by a jury of second degree robbery.  (Pen. Code, §§ 211, 212.5.)  The offense was a third

1

strike, and defendant was sentenced to a term of 25 years to life in state prison. He filed a notice of appeal. We affirm.

FACTS AND PROCEDURAL HISTORY

Defendant went into a convenience store. He took one can of beer from the beer cooler and asked for one pack of cigarettes. When the clerk, S.C., rang up the purchases, defendant took his hand out of his pocket; he was holding a gun. Defendant placed the gun, still holding it with his hand, on the counter, pointed toward the clerk. Defendant said, "'Don't move,'" and that he did not want to hurt the clerk. Defendant asked for the money from the register. The clerk complied, and gave defendant some bills from the cash register totaling less than $20. Defendant wanted money from a second register as well. The second register had about $15 in it, which the clerk also gave to defendant. Not wanting to alarm the other customers in the store, the clerk asked defendant if she could put the items in a bag. Defendant said yes; the clerk bagged the cash and the merchandise. Defendant took the bag and left the store.

The clerk telephoned the store manager, and then called 911. Sheriff's deputies responded to the robbery report. A short distance away, they found defendant walking down the street. Defendant was carrying a distinctive plastic bag with the store logo. A can of beer was in the bag. Defendant had a pack of cigarettes in a front pants pocket, as well as cash. Defendant had a black, plastic BB gun in his jacket pocket. Another deputy transported the clerk to the location where defendant had been detained; the clerk identified defendant as the robber.

2

As a result of these events, defendant was charged with one count of second degree robbery.  The information alleged that defendant had suffered three prior strike convictions.  The information also alleged as enhancements that defendant had three prior serious felony convictions (Pen. Code, § 667, subd. (a)(1)), and three prison term priors (Pen. Code, § 667.5, subd. (b)).

Jury trial commenced May 13, 2013.  The jury found defendant guilty of the charged robbery offense.  In a bifurcated proceeding, defendant admitted two of the strike prior (robbery) convictions; the People did not provide proof of the third.  Defendant also admitted a prior serious felony enhancement conviction, and one prison term prior.

The court sentenced defendant as a third striker to a term of 25 years to life on the new robbery conviction.  The court also imposed a consecutive sentence of five years on the prior serious felony enhancement, and a consecutive sentence of one year on the admitted prison term prior.  Defendant's total sentence was 31 years to life.

Defendant filed a notice of appeal.

ANALYSIS

This court appointed counsel to represent defendant on appeal.  Counsel has now filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief statement of the facts and procedural history of the case.  Counsel states that she thoroughly reviewed the record, but found no arguable issues on appeal.  She has therefore requested this court to undertake a review of the entire record.

Defendant has been offered an opportunity to file a personal supplemental brief, which he has done. Defendant identifies certain issues he wishes to bring to the court's attention. Most of defendant's concerns betray a misunderstanding of the nature of the "Three Strikes" law as an alternative sentencing scheme. Defendant does not dispute his conviction of second degree robbery, but he questions whether the three strikes punishment of 25 years to life is warranted or appropriate. None of the concerns defendant raises is meritorious.

First, defendant argues that his conviction for second degree robbery should not be treated as a "strikable offense"; he contends that it was not a sufficiently serious or violent offense to warrant treatment as a third strike, on the theory that he did not threaten the victim or point his gun at her. Defendant has distorted the record. Defendant expressly told the victim not to move, because he did not want to hurt her. Defendant's statement was at least an implicit, if not an explicit, threat of force. He also displayed the gun at the same time, backing up his threat of force. Although defendant laid the gun on the counter and kept his hand on it—he did not, for example, raise the gun and point it directly in the victim's face—the victim nevertheless clearly testified that the gun barrel was pointed in her direction. Contrary to his intimation otherwise, defendant in fact did threaten the victim and did point the gun at her. Moreover, robbery is statutorily defined as a serious felony (Pen. Code, § 1192.7, subd. (c)(19)). Defendant's crime, and his conduct during the commission of the crime, was sufficiently serious and/or violent to qualify as a serious or violent felony third strike.

4

Next, defendant complains that he was not adequately advised of his right to a hearing to challenge or contest the alleged qualifying prior strikes. In effect, defendant is questioning the effectiveness of his trial counsel. We note, however, that at the sentencing hearing, counsel did represent defendant and counsel was fully aware of defendant's right to challenge his prior strikes. As it transpired, the People acknowledged that proof of defendant's 1993 prior conviction as a strike was not provided, and so withdrew the strike allegation as to that conviction. With respect to defendant's 1979 and 1985 strike convictions, the People did provide proof, and indeed defendant had pleaded guilty in both of those cases. Defendant, of all people, was perfectly aware that there was no basis upon which to challenge the existence and status of each of those prior convictions as qualifying strikes.

In order to prevail on a claim of ineffective assistance of counsel (IAC), a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694 [80 L.Ed.2d 674, 104 S.Ct. 2052].) Manifestly, defendant can make no such showing in these circumstances: where counsel knew of the right to challenge any of the prior convictions; where the failure of proof by the People resulted in the withdrawal of one of the strike allegations; where the remaining strike allegations were supported by proper proof; where defendant himself was fully aware (because of his guilty pleas) of the correctness of the prior strike convictions as alleged; and where defendant proffers no basis upon which either of the remaining prior strikes could have

5

been challenged. Defendant was properly sentenced as a third striker after his present second degree robbery conviction.

Third, defendant complains that he was sentenced to a term of 25 years to life for his conviction of second degree robbery, when the crime of robbery does not carry a life sentence. However, defendant was found guilty of second degree robbery—his latest offense—under the circumstance that he had at least two prior strike-qualifying serious or violent felony convictions. In other words, defendant was sentenced as a recidivist offender—third striker—not merely as a person convicted of second degree robbery. (*People v. Cline* (1998) 60 Cal.App.4th 1327, 1338.)

Because defendant is a recidivist offender, his commission of a new crime—second degree robbery—has taken him out of the ordinary determinate sentencing scheme for second degree robbery, and subjected him to an alternative sentencing scheme for recidivist offenders. The alternative sentencing scheme of the Three Strikes law applies when "a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony [strike] convictions . . . ." (Pen. Code, § 1170.12, subds. (a), (c)(1); see § 667, subd. (e)(1).) Defendant meets both criteria: he has committed a new serious or violent felony (second degree robbery) *and* it has been pleaded and proven that he has at least two prior serious or violent felony convictions.

"There can be no doubt that the legislative purpose—to punish recidivist criminals more severely than others—is a proper goal. It has to do with preventing and punishing crime, and with protecting the public from criminals. The core idea is that those who

6

have not drawn the proper lesson from a previous conviction and punishment should be punished more severely when they commit more crime.  Nor is it irrational to provide that the more serious the previous crime, the greater should be the punishment for a subsequent offense.  Recidivist laws have been part of the legal landscape for a very long time, and their basic validity is beyond serious legal question.  [Citations.]" (*People v. Kilborn* (1996) 41 Cal.App.4th 1325, 1329.)

Fourth, defendant argues that he has already served the time for the underlying strike offenses, such that he is being punished again for those offenses.  Not so.  "In the context of habitual criminal statutes, 'increased penalties for subsequent offenses are attributable to the defendant's status as a repeat offender and arise as an incident of the subsequent offense rather than constituting a penalty for the prior offense.'  [Citation.]" (*People v. Jackson* (1985) 37 Cal.3d 826, 833.)

Again, defendant labors under a serious misapprehension about the nature of the three strikes alternative sentencing scheme.  Defendant is not being punished presently for his past crimes (for which he already "served the time").  Rather, he is being punished for his new crime, but his status as a recidivist offender has placed him under an alternative calculation of the punishment for his new crime.  It has long been held that recidivism, in the commission of multiple crimes—particularly serious and violent felonies—poses a significant danger to society that justifies the imposition of longer sentences for subsequent offenses. (*Rummel v. Estelle* (1980) 445 U.S. 263, 284 [63 L.Ed.2d 382, 397, 100 S.Ct. 1133].)  The imposition of such longer sentences for

dangerous recidivists does not violate either state or federal constitutional prohibitions against cruel and/or unusual punishment.  (See, e.g., *Harmelin v. Michigan* (1991) 501 U.S. 957 [115 L.Ed.2d 836, 111 S.Ct. 2680]; *People v. Cooper* (1996) 43 Cal.App.4th 815, 825-826.)

Fifth, in a letter addressed to this court, ostensibly advising the court of a change of address, defendant adds the claim that his punishment is too harsh because he is being punished more harshly than other offenders who actually harmed other people, whereas defendant did not physically injure anyone in the commission of his crime.  Defendant's letter hints at a claim that his punishment is unconstitutionally disproportionate, in comparison to punishments given for other, more serious, crimes in California.  "The seriousness of the threat a particular offense poses to society is not solely dependent on whether it involves physical injury.  Consequently, the commission of a single act of murder, while heinous and severely punished, cannot be compared with the commission of multiple felonies."  (*People v. Cooper*, *supra*, 43 Cal.App.4th 815, 826, citing *People v. Ingram* (1995) 40 Cal.App.4th 1397, 1416.)

Under the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record in its entirety and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____

Acting P. J.

We concur:


KING_____

             J.


CODRINGTON_____

             J.