Filed 8/19/14  P. v. Ashanti CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>  v.<br><br>ASKIA SANKOFA ASHANTI,<br><br>    Defendant and Appellant. | B249709<br>(Los Angeles County<br>Super. Ct. No. BA118005) |
| In re ASKIA SANKOFA ASHANTI,<br><br>    On Habeas Corpus. | B252733 |
| ASKIA SANKOFA ASHANTI,<br><br>    Petitioner,<br>  v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | B253241 |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

ORIGINAL PROCEEDINGS; Petition for Writ of Habeas Corpus and Petition for Writ of Mandate.  Petitions denied.

Askia Sankofa Ashanti, in pro. per; Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant in No. B249709.

Askia Sankofa Ashanti, in pro. per., for Defendant and Appellant in No. B252733 and Petitioner in No. B253241.

No appearance for Plaintiff and Respondent in Nos. B249709 and B252733 and for Real Party in Interest in No. B253241.

No appearance for Respondent in No. B253241.

_____

Askia Ashanti appeals from the trial court's denial of his petition under Proposition 36 (Pen. Code, § 1170.126) to reduce his "Three Strikes" sentence of 25 years-to-life. He also petitions this court for writs of habeas corpus and mandate. The appeal and the writ petitions raise the same three issues: (1) the trial court lacked jurisdiction to try his third strike offense; (2) denying him a sentence reduction under Proposition 36 violates the double jeopardy clause of the United States and California constitutions; and (3) denies him his rights to equal protection and due process of law. We ordered the appeal and the petitions considered together.

We affirm the order of the trial court and we deny the petitions for habeas corpus and mandate.

## FACTS AND PROCEEDINGS BELOW

In 1980, Ashanti was convicted of murder as a juvenile. In 1988, Ashanti was convicted of rape. In 1996, Ashanti was convicted of joy riding (Veh. Code, § 10851, subd. (a)) and sentenced to 25 years-to-life under the Three Strikes Law (former Pen. Code, § 1170.12, subd. (c)(2).)[1]

In November 2012, California voters enacted Proposition 36 (the Three Strikes Reform Act of 2012). As a general rule, under the Three Strikes Law as amended. a defendant with two prior serious or violent felony convictions who is convicted of a third felony that is non-serious and non-violent will no longer automatically face an

---

[1]    All statutory references are to the Penal Code.

2

indeterminate term of 25 years to life in prison. (§ 1170.12, subd. (c)(2)(C).)[2] Instead, these offenders will be given the same sentence as offenders with two strikes under the former law. Proposition 36 also provides a procedure by which a person presently serving an indeterminate life sentence imposed pursuant to the former Three Strikes Law may petition to have that sentence recalled and to be resentenced as a second-strike offender if the current offense is not a serious or violent felony and the person is not otherwise disqualified. (§ 1170.126, subd. (e)(3).) A person is disqualified if, among other things, the person has a prior conviction of murder. (§§ 1170.126, subd. (e)(3), 1170.12, subd. (c)(2)(C)(iv)(IV).) Even if the person is not otherwise disqualified, the court may deny the petition if it determines that a reduced sentence would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (g)(3).) Accordingly, resentencing under section 1170.126 is discretionary even if the offender meets the objective criteria set out in section 1170.126, subdivision (e).

In May 2013, Ashanti petitioned for a reduction of his 25 years-to-life sentence under section 1170.126. The trial court denied the petition on the ground that Ashanti's prior murder conviction made him ineligible for resentencing under sections 1170.126, subdivision (e)(3) and 1170.12, subdivision (c)(2)(C)(iv)(IV). Ashanti filed a timely appeal.[3]

We appointed counsel to represent Ashanti on appeal. After examining the record, counsel filed a "*Wende*" brief raising no issues and requesting that we independently

---

[2]     Even if the current felony is not "serious" or "violent," a defendant must still serve an indeterminate term of 25 years-to-life if any of the following is true: (1) the current felony is an enhanced "controlled substance charge"; (2) the current felony is a sex offense or requires registering as a sex offender; (3) the current felony was completed while armed with a firearm or with intent to cause great bodily injury; or (4) any of the person's prior felony convictions is for a crime listed in section 1170.12, subdivision (c)(2)(C)(iv). (§ 1170.126, subd. (e)(3).)

[3]     The question whether a defendant has the right to appeal the denial of a petition under section 1170.126 when the trial court determined that he did not meet the threshold eligibility requirements for resentencing is currently pending before our Supreme Court. (*Teal v. Superior Court,* review granted July 31, 2013, S211708.) In any case, Ashanti's claims are reviewable through his writ petitions.

review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We directed appointed counsel to immediately send the record on appeal and a copy of the opening brief to Ashanti and we notified him that within 30 days from the date of the notice he could submit by brief or letter any grounds of appeal, contentions or arguments he wished us to consider. Ashanti filed two supplemental briefs. He does not deny that he is ineligible for resentencing under section 1170.126 because of his prior murder conviction but raises jurisdictional and constitutional issues that we discuss below.

## DISCUSSION

### A.     The Appeal

We have examined the entire record and are satisfied that Ashanti's attorney has fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende*, *supra,* 25 Cal.3d at p. 441.) We respond below to the issues raised by Ashanti in his supplemental briefs and writ petitions.

### B.     The Writ Petitions

#### 1.     Jurisdiction

Ashanti argues that his joy riding conviction should be overturned because his trial took place before a judge who normally hears civil cases and in a courtroom in the Stanley Mosk Courthouse where civil trials are normally held instead of in the Clara Shortridge Foltz Courthouse where criminal trials are normally held. He cites section 681 which states: "No person can be punished for a public offense, except upon a legal conviction in a court having jurisdiction thereof." He also relies on *Andrews v. Superior Court* (1946) 29 Cal.2d 208, 213, which held that the then-existing Police Courts did not have jurisdiction to enforce juvenile court law.

*Andrews* does not apply here because Ashanti is not a juvenile and Police Courts no longer exist in California.

Article VI of the California Constitution provides that "[i]n each county there is a superior court of one or more judges." Our Supreme Court has interpreted this provision to mean "'that jurisdiction is vested by the Constitution in the court and not in any

4

particular judge or department thereof; and that whether sitting separately or together, the judges hold but one and the same court.  [Citation.]'" (*People v. Konow* (2004) 32 Cal.4th 995, 1018.)  Under Rule 10.950 of the California Rules of Court, the presiding judge of a superior court having more than three judges may designate judges "primarily to hear criminal cases."  However, if the business of the court requires it, the presiding judge "may designate additional judges under the direction of the supervising judge" to hear criminal cases.  (Cal. Rules of Court, rule 10.951(d).)  This is apparently what happened in Ashanti's joy riding case.

### 2.    Double Jeopardy

Ashanti next argues that barring him from resentencing under Proposition 36 because of his prior murder conviction violates the double jeopardy clauses of the California and United States Constitutions because it punishes him a second time for the murder he committed as a juvenile.

Ashanti is correct in his assertion that the double jeopardy clause protects against multiple punishments for the same offense.  (*North Carolina v. Pearce* (1969) 395 U.S. 711, 717.)  The flaw in his argument is that he is not being punished again for his 1980 murder conviction.  He is being punished for the Vehicle Code violation he committed 16 years later.  (*People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1519-1520.)  His ineligibility for resentencing under Proposition 36 is not a new "punishment" for a past homicide.

### 3.    Equal Protection

Ashanti contends California has no rational basis for excluding persons serving current prison terms for non-serious, non-violent crimes solely because of their prior convictions of murder or certain other serious or violent felonies.  We disagree. The decision to treat crimes distinctly as to sentencing consequences generally does not violate equal protection of the law.  (See, e.g., *People v. Floyd* (2003) 31 Cal.4th 179, 188 [treating those convicted of drug offenses differently based on the date of their conviction does not entail an equal protection violation].)  The classifications drawn by Proposition 36 decrease the likelihood that the offenders whose sentences are reduced or

5

who are released due to its provisions will pose an unreasonable risk of danger to the public.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 179; see *People v. Edwards* (2002) 97 Cal.App.4th 161, 164-165 [public safety considerations justify treating "third strike" offenders more harshly than "two strike" offenders].)  Furthermore, denying the possibility of resentencing to offenders with prior murder convictions is rationally related to the legitimate public objective of discouraging recidivism.  (See *People v. Kilborn* (1996) 41 Cal.App.4th 1325, 1329 [one purpose of the Three Strikes law is to reduce recidivism].)

### 4.    Due Process

Finally, Ashanti argues the exclusion of offenders with prior convictions for murder violates substantive due process because there is no rational basis to exclude such offenders from possible resentencing because the trial court can weed out those who pose an unreasonably high risk to the public through the criteria of section 1170.126, subdivision (f).  But, as we explained above, the state has a rational basis for excluding offenders with prior murder convictions from being considered for resentencing under the discretionary criteria of subdivision (f).

**DISPOSITION**

The order denying Ashanti's petition for resentencing is affirmed.  Ashanti's petitions for a writ of habeas corpus and mandate are denied.

NOTE TO BE PUBLISHED.

ROTHSCHILD,  P. J.

We concur:


CHANEY, J.


MILLER, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7