Filed 8/22/18

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| GAMESTOP, INC., | |
| Petitioner, | E068701 |
| v. | (Super.Ct.No. RIC1706142) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. John W. Vineyard, Judge. Petition denied.

Morgan, Lewis & Bockius, Franklin Gowdy, Benjamin Smith and Sharon Smith for Petitioner.

No appearance for Respondent.

1

Michael A. Hestrin, District Attorney, Elsie J. Farrell and Timothy S. Brown, Deputy District Attorneys (Riverside), Stephanie A. Bridgett, District Attorney and Anand B. Jesrani, Deputy District Attorney (Shasta), for Real Party in Interest.

Xavier Becerra, Attorney General, Nicklas A. Akers, Assistant Attorney General, Michele Van Geldersen, Michael Reynolds, Deputy Attorneys General, and Geoffrey H. Wright, Associate Deputy Solicitor General, as Amicus Curiae on behalf of Real Party in Interest.

Mark Zahner and Thomas A. Papageorge, Deputy District Attorney (San Diego), for California District Attorneys Association as Amicus Curiae on behalf of Real Party in Interest.

Following an investigation into violations of the Secondhand Dealers Law (SDL), the People, by and through the District Attorneys of Riverside and Shasta Counties, filed an action pursuant to Business and Professions Code section 17200 et seq., (Unfair Competition Law or UCL) to enjoin petitioner GameStop, Inc., (GameStop) against noncompliance. GameStop filed a motion to remove the action from the County of Riverside pursuant to Code of Civil Procedure[1] section 394, claiming that the district attorney, as an official elected by the County of Riverside, was a local governmental entity. The trial court denied the motion, giving rise to this petition for writ of mandate by GameStop.

---

[1] All further statutory references are to the Code of Civil Procedures unless otherwise indicated.

We issued an order to show cause why the relief prayed for should not be granted. After considering the arguments in the return, traverse, reply, and the briefs of amici curiae,[2] we deny the petition.

## BACKGROUND

We base our opinion on the following operative facts from the return, the traverse, and the exhibits.[3]

Following investigations by the Redding Police Department, Shasta District Attorney's Office, and law enforcement agencies in Riverside County, the People of the State of California (real party in interest) filed a law enforcement action under Business and Professions Code section 17200 et seq., against GameStop, Inc., for violations of the SDL on April 7, 2017. (Bus. & Prof. Code, §§ 21641, 21628, 21636.) The action was filed by the District Attorneys of Riverside and Shasta Counties.[4]

The facts underlying the complaint alleged that GameStop has over 500 stores in California, and that it uses a buy-sell-trade model, providing customers with an opportunity to trade in their used consoles, phones, tablets, and other products for store

---

[2] The Attorney General of the State of California and the California District Attorneys Association were granted leave to file briefs as friends of the court.

[3] Petitioner's requests for judicial notice, filed July 12, 2017, October 18, 2017 and January 5, 2018, are denied. Real party in interest's requests for judicial notice, filed August 10, 2017, October 2, 2017 and October 26, 2017, are also denied.

[4] Although the complaint contains an allegation relating to the authority of the District Attorneys of the Counties of Riverside, Shasta, and Sonoma, the petition and return refer only to the District Attorneys of Riverside and Shasta Counties.

credits that can be applied toward merchandise.  To prevent theft and "fencing" of stolen property, and to recover stolen property for the victims of theft, Business and Professions Code section 21625 et seq., regulates the purchase and resale of preowned "tangible personal property" by "secondhand dealers."

The SDL requires secondhand dealers to report the name, address, and photo identification of the seller, a complete description of the serialized property, a certification from the seller that she or he is the owner of the property, and a fingerprint of the seller.  (Bus. & Prof. Code, § 21627, subd. (a).)  The secondhand dealer must retain the "tangible personal property" for a period of 30 days (Bus. & Prof. Code, § 21636), and produce the property to law enforcement, upon request, within one business day (Bus. & Prof. Code, § 21636, subd. (c)).

During the time period enumerated in the complaint, GameStop failed to comply with the reporting, holding, and inspection requirements of the SDL.  In Shasta County, police investigated a burglary involving a video game console that was traded or sold to GameStop in Redding by the thief; the Redding store was not in compliance with the SDL.  In Riverside County, only two out of 16 stores were in compliance with requirements for obtaining required customer information, submitting that information to law enforcement, or holding the traded merchandise.  In Contra Costa County, eight out of 12 stores were noncompliant, and in Tulare County, 50 percent of the stores were noncompliant.

On May 10, 2017, in lieu of an answer, GameStop filed a motion to transfer the action based on the provisions of sections 394, subdivision (a), and 397, subdivision (b).

4

The trial court denied GameStop's motion and denied requests for judicial notice made in support of the motion.

GameStop then petitioned for extraordinary writ relief. After receiving an informal response from the People, we issued an order to show cause. The parties have filed a return and a traverse, which we have now considered along with briefing and a review of the exhibits. We now deny the petition.

**DISCUSSION**

GameStop contends that the instant action falls within section 394, subdivision (a), requiring a change of venue when a county or local agency brings a civil suit in its county against a nonresident corporate defendant. Its argument is grounded on the assertion that the District Attorneys for the Counties of Riverside and Shasta have an exclusive financial interest in the outcome of the suit, making the UCL plaintiff in the underlying action a "local agency." We disagree. To explain our reasoning, we first examine the nature of the of the SDL and the UCL, and then the venue provisions of section 394.

1. *The Secondhand Dealers and Unfair Competition Laws.*

California law provides a statewide mechanism for licensing, regulating, and overseeing parties who are secondhand dealers. (Bus. & Prof. Code, § 21625.) The UCL provides an enforcement mechanism respecting the SDL by permitting the Attorney General, or a district attorney, or a county counsel, to seek preventive relief to enforce a penalty, forfeiture or penal law in a case of unfair competition. (Bus. & Prof. Code, §§ 17202, 17204.) The nature of the UCL and SDL statutory schemes are central to the

5

questions of venue for the action, and whether the district attorney is a plaintiff. Thus, a review of the relevant provisions of the UCL as it pertains to SDL actions is helpful.

Looking at the legislative intent, the SDL was enacted to "curtail the dissemination of stolen property and to facilitate the recovery of stolen property by means of a uniform, statewide, state-administered program of regulation of persons whose principal business is the buying, selling, trading, auctioning, or taking in pawn of tangible personal property and to aid the State Board of Equalization to detect possible sales tax evasion." (Bus. & Prof. Code, § 21625.)

Secondhand dealers are required to make daily reports after receipt or purchase of secondhand property to CAPSS.[5] (Bus. & Prof. Code, § 21628, subd. (a).) The reports are made to the Department of Justice of the State of California. (See Bus. & Prof. Code, § 21628, subd. (a)(7).) Additionally, all tangible personal property reported by a secondhand dealer must be retained for 30 days, during which time the chief of police or sheriff may for good cause, as specified by the Department of Justice, authorize prior disposition of the property. (Bus. & Prof. Code, § 21636, subd. (a).)

Local laws or ordinances relating to secondhand dealers that are not inconsistent with the SDL are not prohibited, but no city, county, or city and county, or any other state agency shall adopt local laws relating to the holding, reporting or identification of coins, monetized bullion, or commercial grade ingots of gold, silver or other precious metals

---

[5] CAPSS refers to California Pawn and Secondhand Dealer System, a statewide, uniform electronic reporting system that receives secondhand dealer reports and is operated by the Department of Justice. (Bus. & Prof. Code, § 21627.5.)

6

(Bus. & Prof. Code, § 21638, subd. (a)), or respecting the identification, holding, or reporting requirements for the acquisition of tangible personal property, in the ordinary course of business, by pawnbrokers and secondhand dealers, other than as set forth in the SDL (Bus. & Prof. Code, § 21638, subd. (b)).

Thus, additional regulation of secondhand dealers by local government is authorized by the Legislature, so long as it does not exceed the scope permitted by the SDL. (*Malish v. City of San Diego* (2000) 84 Cal.App.4th 725, 729.) Local laws that exceed that scope are preempted by state law. (*Ibid.*) In this respect, a locality may require a local license in addition to the state mandated license, but revocation of a local license on grounds broader than authorized for revocation of a state license is inconsistent with state policy and therefore preempted. (*Collateral Loan & Secondhand Dealers Assn. v. County of Sacramento* (2014) 223 Cal.App.4th 1032, 1039.)

Further, it is unlawful for any person to engage in the business of a secondhand dealer without being licensed. (Bus. & Prof. Code, § 21640.) Applications for licenses are accepted and granted by the chief of police or sheriff, but before granting a license, the local authorities must submit the application to the Department of Justice, which also charges a fee for the license, as well as annual renewals of the license. (Bus. & Prof. Code, §§ 21641, subd. (a), 21642.5, subd. (a).) The fees are charged to cover the reasonable regulatory costs to the Department of Justice. (Bus. & Prof. Code, § 21642.5, subd. (b).)

Finally, a violation of any provision of the SDL is punishable as a misdemeanor, (Bus. & Prof. Code, § 21645), and "[t]he district attorney or the Attorney General, in the

7

name of the People of the State of California, may bring an action to enjoin the violation or the threatened violation of any provision" of the SDL. (Bus. & Prof. Code, § 21646.) Such an action for enjoining violations of the SDL, may be brought under the UCL, pursuant to Business and Professions Code sections 17202 or 17204. Business and Professions Code section 17204 authorizes actions for injunctions by the Attorney General, district attorney, county counsel, and city attorneys, filed in the name of the People of the State of California. Actions for civil penalties are likewise authorized under Business and Professions Code section 17206, to be brought in the name of the People of the State of California by the Attorney General, by any district attorney, by any county counsel or by any city attorney of a city having a population in excess of 750,000. (Bus. & Prof. Code, § 17206, subd. (a).)

2.      *Removal Under Code of Civil Procedure Section 394*

GameStop argues that section 394 compels removal and transfer to a neutral county because the district attorney, a county official, is the plaintiff. Applicability of the removal statute therefore hinges on whether the plaintiff is the People or the district attorney. However, as established *ante*, the district attorney is not a "party" to the litigation. Pursuant to section 367, every action must be prosecuted in the name of the real party in interest. This means the plaintiff must possess a substantive right or standing to prosecute an action. (*Schauer v. Mandarin Gems of Cal., Inc.* (2005) 125 Cal.App.4th 949, 955.)

A district attorney is the public prosecutor, who shall "attend the courts, and within his or her discretion shall initiate and conduct on behalf of the people all

8

prosecutions for public offenses." (Govt. Code, § 26500.)  A public prosecutor represents all people, even those accused of violating public law.  (*People v. Hail* (1914) 25 Cal.App.342, 358.)  While a district attorney is a county officer in at least a geographic sense—that is to say, that the exercise of his or her powers as such is limited territorially to the county for which he has been elected, he or she is also a state officer, or a part of a political organization which is itself an agent of the state.  (*Pitchess v. Superior Court* (1969) 2 Cal.App.3d 653, 657, citing *Singh v. Superior Court* (1919) 44 Cal.App. 64, 65-66; see *Galli v. Brown* (1952) 110 Cal.App.2d 764, 776.)

When the district attorney files an enforcement action in the name of the People of the State of California, respecting a statewide law regulating secondhand dealers, he or she acts in his or her capacity as a state officer.  (*Pitchess*, *supra*, 2 Cal.App.3d at p. 657.)  But the People of the State of California is the party to the action, in whose name the district attorney prosecutes a person charged with an offense.  (Pen. Code, § 684.)  Thus, the district attorney is not the plaintiff, nor a party to the action, but is simply the legal representative of the People.

The People of the State of California constitute the party-plaintiff in this UCL action, the entity with the substantive right and standing to bring the action against GameStop.  (See *People v. Parriera* (1965) 237 Cal.App.2d 275, 282-283 [victim is not technically a party to a criminal action as the People in their sovereign capacity are the sole collective party plaintiff].)  It follows, therefore, that an action brought in the name

of the People of the State of California, as a party, is not brought by a county, or other local agency, and the district attorney, as the legal representative, is not a party thereto.**6**

Section 394, subdivision (a), provides, in pertinent part, that "any action or proceeding brought by a county, city and county, city, or local agency within a certain county, or city and county, against a resident of another county, city and county, or city, or a corporation doing business in the latter, shall be, on motion of either party, transferred for trial to a county, or city and county, other than the plaintiff, if the plaintiff is a county, or city and county, and other than that in which the plaintiff is situated, if the plaintiff is a city, or a local agency, and other than that in which the defendant resides, or is doing business, or is situated." A party aggrieved by an order granting or denying a motion to change the place of trial must seek review by way of a petition for writ of mandate. (§ 400; *Dunas v. Superior Court* (1970) 9 Cal.App.3d 236, 240.)

In a petition for writ of mandate brought pursuant to Code of Civil Procedure section 1085, the petitioner bears the burden of pleading and proving the facts on which the claim for relief is based. (Code Civ. Proc., § 1109; Evid. Code, § 500; *California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1153-

---

**6** At oral argument, GameStop noted that because the district attorney's territorial jurisdiction is limited to the county in which he or she serves, GameStop faces potential actions in the other counties within the state where it does business. This is true. However, the same is true of criminal prosecutions, where a defendant who commits crimes in several counties is subject to prosecution in each county where a crime has occurred. The district attorney of each county prosecutes each criminal action in the name of the People of the State of California. This does not make the district attorney a party-plaintiff to the action.

1154, citing *Arwine v. Board of Med. Examiners* (1907) 151 Cal. 499, 503, and other cases.)

A UCL action is brought in the name of the People of the State of California, to enforce a statewide legislative scheme aimed at reducing theft by regulating secondhand dealers. In such a situation, an action brought by a district attorney, as a representative of the People of the State of California, to further the statewide polices of the SDL, are not actions brought by a county, or city, or county and city, within the meaning of section 394. (*Nguyen v. Superior Court* (1996) 49 Cal.App.4th 1781, 1788-1789 [in actions brought under Red Light Abatement Law, prosecuted by district attorneys, the county is not as much concerned as the people of the state].) The People of the State of California are not a local agency, within the meaning of subdivision (a) of section 394.

Transfer to a neutral county is not authorized when the governmental body that is a party to the action is the State of California or any of its agencies, departments, commissions, or boards, which are exempted from removal provisions. (§ 394, subd. (b).) GameStop relies on the fact that a district attorney is a county officer to support its position that the action was "brought by a county, or city and county, a city, or local agency," but cites no authority for the proposition that the district attorney is the plaintiff. Section 394 only applies when the plaintiff or the defendant (the party bringing the action, or against whom it is brought) is a city, county, city and county, or local agency. A district attorney is no more a party to the action than counsel for petitioner is a party to this proceeding in mandate. In any event, having cited no authority to support this position, we need analyze it no further.

11

As petitioner, GameStop bore the burden of proving that the UCL action was instituted by a county, or city and county, or city, or a corporation doing business with one or more of these entities in order to obtain an order for removal or transfer. It did not succeed in this endeavor where the SDL, its enforcement provisions, and oversight agency, are statewide in their scope, and where the action was instituted in the name of the People of the State of California, seeking injunctive relief.

We conclude that the mandatory removal provisions of section 394 are inapplicable to UCL actions brought by a district attorney to enforce provisions of the statewide SDL.

**DISPOSITION**

The petition is denied.

The previously ordered stay is hereby dissolved.

CERTIFIED FOR PUBLICATION

RAMIREZ_____
P. J.

We concur:

MILLER_____
J.

SLOUGH_____
J.